454 So.2d 851 (1984)
STATE of Louisiana,
v.
John SCOTT.
No. 83-KA-510.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1984.
*852 Daniel T. McKearan, Jr., Harahan, for defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
John Scott was charged by Bill of Information with armed robbery in violation of La.R.S. 14:64. On March 16, 1982 he was arraigned and pleaded not guilty. Thereafter, a trial was commenced on December 13, 1982, and on the following day the jury returned a verdict of guilty as charged. On February 11, 1983, the defense appeared and filed a motion in arrest of judgment, which was denied. The defense also moved for a new trial and a judgment of acquittal or alternatively a modification of the verdict. These motions were also denied. The trial judge sentenced the defendant to five years at hard labor without benefit of parole, probation, or suspension of sentence with credit for time served. From this conviction and sentence the defendant now appeals. We affirm.
The defendant assigned as errors the following:
(1) The failure of the District Attorney to prove what he stated he would prove in his opening statement in that an automobile license plate number would be introduced connecting the robber's car with one owned by the defendant.
(2) The Court's admission into evidence of clothing, money, and a gun taken from the defendant, when not shown to be the clothing worn by the robber or the gun used in the robbery.
(3) The jury's verdict is contrary to the law and evidence and is contrary to the dictates of Jackson v. Commonwealth of Virginia, 443 US 307, 99 Sup.Ct. 2781, 61 L.Ed. 560, and deprives the defendant of his rights under the 5th and 14th Amendment to the Constitution of the United States in due process clauses thereof; and further contrary to the Laws of the State of Louisiana Article 1, Sections 2 & 3 and the due process clauses thereof. Defendant complains that the State's evidence was insufficient to prove every element of the crime and overall the evidence when considered in its entirety, presented by both State and defendant, failed to establish the guilt of defendant beyond reasonable doubt, contrary to the ruling in Jackson v. Commonwealth of Virginia, "That no reasonable, rational trier of facts should find the defendant guilty under this circumstance and evidence."
(4) Court's denial of post-trial motion for acquittal or in the alternative for modification of judgment and motion for new trial.
Three issues are raised:
(1) Whether the district attorney's reference in his opening statement to an automobile license number, which was subsequently *853 at trial held inadmissible (as hearsay), caused substantial prejudice requiring a reversal of the trial court judgment;
(2) Whether the clothing, cash, and gun taken from the defendant at the time of his arrest were improperly admitted into evidence due to irrelevancy or undue prejudice;
(3) Whether the trial court erred in denying the defendant's post-trial motion for acquittal or in the alternative for modification of judgment based upon insufficiency of the state's evidence under the review as set out in Jackson v. Commonwealth of Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
On December 23, 1981, Ms. Lisa Marie Cooper who was employed as assistant manager of the Tenneco store located at the corner of Barataria and the Westbank Expressway in Marrero, Louisiana, was robbed. At about 7:30 p.m. the Tenneco lot was empty when a man drove up in a red car. A woman seated on the passenger side called Ms. Cooper over to the car to ask for directions. As the victim leaned over to look into the car, the woman looked over to the driver, at which time Ms. Cooper's attention was directed to him. She saw he was wearing a red flowered shirt and a black jacket and was pointing a gun at her. Ms. Cooper testified she generally carried a small money pouch with her in order to facilitate collection from customers and in order to make change. The man told her to place the money pouch into a bag in his car. He appeared to be agitated and upon her hesitation, he repeated the order at which time she dropped the bag. The car then sped off, and Ms. Cooper was able to see the license plate number which she memorized, repeating it to herself over and over until she was able to get back to the booth and signal the police. When the deputies arrived, she gave them the license number. About an hour later, she was presented with a photographic lineup consisting of five black and white mug shots. She picked out one photograph, and on its back she signed and dated it and noted it was of the man who had robbed her of about $250. The person in this photograph was the defendant, John Scott.
ISSUE ONE
The district attorney, in his opening statement, referred to a license plate number which was never introduced into evidence. The pertinent part of the district attorney's statement is as follows:
... Detective Gordon will tell us how he went to the scene, and how through investigation, he learned thatnot only the description of the perpetrators but also a license number ... took the license number and through police work, identified the vehicle that was driven by the hold-up people, belonging to John Scott.
The defendant suggests that as a result of the district attorney's opening statement, the jury made a leap of faith as to the course of the investigation which ultimately led to the defendant's identification and arrest. Because the State failed to produce the listing and properly present it when the State's witness, Detective Gordon, began to mention it at trial, the defendant's objection to the admission of this testimony was sustained as hearsay.
Article 766 of the Louisiana Code of Criminal Procedure states that the State's opening statement shall explain the nature of the charge and set forth, in general terms, the nature of the evidence by which the State expects to prove the charge. In State v. Green, 343 So.2d 149, 151 (La. 1977), the court stated:
The general rule is that, absent bad faith on the part of the prosecutor or clear and substantial prejudice, the reference in the opening statement to evidence later ruled inadmissible is not a ground for a mistrial. The rule takes into account that proof frequently falls short of professional expectations.
Additionally, the court in Clark v. Blackburn, 605 F.2d 163, 165 (5th Cir.1979), citing Green, supra, held that under Louisiana law, failure to prove a part of the prosecution's opening statement does not constitute grounds for reversal.
*854 The defendant has not alleged or proven bad faith on the part of the prosecution, and we find there is no clear and substantial prejudice to the defendant resulting from the district attorney's opening statements. The reference by the district attorney to the match-up of the license number of the robber's car to the defendant was very brief, a mere summarization of his investigation, and devoid of any particular evidentiary fact. The victim testified at trial that the robber drove up in "a red car, a Monte Carlo or something, a Pontiac ..." and, similarly, Detective Gordon testified the defendant was occupying a red Pontiac with a black top at the time of his arrest, and the victim identified a photograph of the defendant. Thus, the jury could have connected the defendant with the car used in the robbery without the introduction of any public record of license plate numbers, and there is sufficient evidence to connect the defendant with the crime for which he is charged independent of any inference in the district attorney's opening statement.
ISSUE TWO
Scott contends a flowered shirt, black leather jacket, gun, and cash, all of which were taken from him at the time of his arrest, were improperly admitted into evidence due to irrelevancy and undue prejudice. According to Detective Gordon, Scott was wearing a "flowered type shirt with yellow pineapples and green leaves and a blue jean jacket," at the time of the arrest. A multi-colored flowered shirt and a black jacket which matched the description by the victim of the clothing worn by the armed robber was seized inside Scott's house at the time of the arrest. Scott submits that prior to the time of his arrest outside his house, there had been no opportunity to go into the house undetected to change his clothes.
To the contrary, the record reflects the robbery was committed at 7:30 p.m. and the defendant was arrested at his home at 12:30 a.m. The police officers had been waiting at the defendant's house from 11:30 p.m. Therefore, the defendant and his wife had approximately four hours from the time of the robbery in which to return home and place the multi-colored shirt and black leather jacket inside.
On the night of the arrest, a Ruger .357 Magnum revolver was recovered from the front seat of the defendant's car and $291 in small bills was found in the defendant's wife's purse which she had brought into the house when she arrived. The defendant submits the gun found on the front seat was a necessary tool for his employment as a security guard, thus unconnected to the crime and irrelevant. The gun used by the perpetrator was described by the victim as being a .38 with a silencer on the end of the barrel, whereas the defendant's gun was a .357 with neither a silencer nor an attachment for the same. The victim stated at trial her knowledge of guns was acquired from watching television.
Louisiana Revised Statute 15:441 provides in pertinent part:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Determination of admissibility by the trial court is within its sound discretion and such a ruling will not be disturbed on appeal unless there is a clear abuse of discretion. State v. Chaney, 423 So.2d 1092, 1100 (La.1982). We find each of the items of evidence was directly connected to the accused, having been taken either from his car or his house at the time of his arrest, and it falls to the jury to determine the weight of the evidence in relation to the crime charged. State v. Robertson, 421 So.2d 843, 845 (La.1982). If there had been any weaknesses or inconsistencies in the evidence and witnesses' testimony, the jury had all evidence before it and was in a position to make this determination.
More importantly, the defendant's objection was not properly preserved for review on appeal. Louisiana Code of Criminal Procedure article 841 provides that an error at trial cannot be the subject of an appeal unless it was objected to contemporaneously *855 and the grounds for objection given. No grounds for the objection are included in the transcript.
ISSUE THREE
Scott contends the jury's verdict is contrary to the law and evidence, and specifically contrary to the testimony of his relatives who supported his alibi that he was at a party at the time of the robbery.
In addressing whether the trial court erred in denying the defendant's post-trial motion for acquittal or in the alternative for modification of judgment based upon insufficiency of the State's evidence, we note Section B of our Code of Criminal Procedure in article 821[1] provides:
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
The defendant's relatives' testimony regarding his alibi poses a question of credibility which is to be determined within the broad discretion of the trier of fact on the trial court level. State v. Coleman, 432 So.2d 323, 325 (La.App. 1st Cir. 1983); State v. Klar, 400 So.2d 610 (La. 1981). Such factual determinations will not be disturbed on review unless clearly contrary to the evidence. We find there is sufficient evidence to support the jury's determination of the witnesses' credibility and to meet the Jackson v. Commonwealth of Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) review standard. In the light most favorable to the prosecution, we note any rational trier of fact could have found the essential elements of the crime of armed robbery proven beyond a reasonable doubt.
The record reflects the victim's description of the defendant, while somewhat general, was accurate. Furthermore, the victim identified Scott's photograph and described his car. The arresting officers found in Scott's house a black leather jacket and a multi-colored flowered shirt which matched the victim's description of the clothing worn by the perpetrator. In addition, the officers found a Ruger .357 Magnum revolver in his car on the night of the robbery and $291 cash in Scott's wife's purse.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Because the defendant alleges insufficiency of the evidence and does not allege there was no evidence to convict him, article 821 of the Code of Criminal Procedure is applicable. As stated in State v. Gonday, 442 So.2d 703, 705 in footnote 2:

La.C.Cr.P. art. 821 sets the standard of review where the sufficiency of the evidence is at issue. Accordingly, the principles of appellate review as stated by [the Louisiana Supreme Court] in State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983), are applicable where the question is sufficiency of the evidence. "No evidence" is still properly raised by motion for new trial ...