WILLIAMS, Judge.
Defendant, Ernest Perkins, was charged by bill of information with four counts of felony theft in violation of La.R.S. 14:67. The record shows that twelve blank checks were taken from the checkbook of the Southern Medical Association sometime in August, 1983. Four of these checks resurfaced when they were cashed at different branches of the Hibernia National Bank. All four checks had been made out to an “Ernest Perkins” in amounts ranging from $875.00 to $1,369.00.
The driver’s license number on the back of each check corresponded with that of the driver’s license issued to the defendant, and his handwriting matched that of the endorser on each check. On June 26, 1984, the jury found the defendant guilty on all four counts. The trial judge sentenced the defendant to ten years at hard labor. Defendant argues that an error patent exists in the sentencing of the defendant to ten years at hard labor, without specification of which count the sentence applies, and without sentencing on the remaining three counts. We agree that the sentence imposed is unclear and, therefore, remand for resentencing.
When convictions arise out of different courses of criminal conduct, and the trial judge does not explicitly state that the sentences are to be served concurrently, the rule of construction is that the sentence is to be served consecutively. Code of Criminal Procedure art. 883 and its official comments; State v. Armstead, 432 So.2d 837 (La.1983).
Since the trial judge in the present case did not specifically address each verdict in his sentencing, we cannot apply this presumption. It does appear that the trial judge may have intended to sentence the defendant to a total term of ten (10) years based on four counts of theft. Accordingly, we remand for resentencing so that the penalty imposed can be clarified.
We have also reviewed the record for sufficiency of evidence. Viewing the evidence in the light most favorable to the prosecution, we find that the essential elements of the crime of theft were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
REMANDED FOR RESENTENCING.