503 So.2d 168 (1987)
STATE of Louisiana
v.
Ray A. RATTLER, a/k/a Donald Lee Williams, and Ernest Lewis.
No. KA-5306.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Rehearing Denied March 19, 1987.
Writ Denied June 5, 1987.
*169 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Rockne L. Moseley, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Dwight Doskey, New Orleans, for defendant-appellant Ray Rattler, a/k/a Donald Lee Williams.
Calvin Johnson, Supervising Atty., Sally S. Gilmore, Student Practitioner, Loyola Law School Clinic, New Orleans, for defendant-appellant Ernest Lewis.
Before SCHOTT, GARRISON and KLEES, JJ.
GARRISON, Judge.
The defendants, Ray Rattler, a/k/a Donald Williams, and Ernest Lewis, were charged by bill of information with two counts each of armed robbery, a violation of LSA-R.S. 14:64. After being found guilty as charged, both defendants were sentenced as multiple offenders to 198 years at hard labor without benefit of parole, probation or suspension of sentence. Both defendants appeal their convictions and sentences.
On September 8, 1984 at approximately 5:00 a.m., Derrick and Benny Barnes were traveling along Interstate 610 in New Orleans when they noticed a car behind them with flashing lights. Thinking that this vehicle was a police car, the Barnes' brothers pulled over to the side of the road. Both Derrick and Benny Barnes got out of the car as did both men in the car that had pulled up behind them. The brothers were ordered by the other two men to lie side by side on the shoulder of the road. They complied after they heard what they thought to be the clicking sound of a gun. When the assailants demanded money, Benny Barnes surrendered his wallet; however, Derrick Barnes told the assailants that his wallet was in the car. As one of the men attempted to retrieve Derrick Barnes' wallet from the car, the brothers ran across the highway, escaping from their assailants. The assailants fled the scene in the Barnes' vehicle which was later recovered in the St. Bernard Housing Project.
Three days after this robbery, the police received an anonymous tip on the Crimestoppers line that a man named Donald Williams who lived at 3715 Abundance Street, Apartment D, in New Orleans, had tried to sell stolen property to the caller. This informant told police that a 1970 green Oldsmobile, with red front fenders and hood, was parked in the driveway of this apartment and that this car had a new tire which had been purchased with a stolen credit card. The caller also stated that a new color television set had also been purchased by Williams with a stolen credit card. After verifying that the apartment *170 in question was occupied by Williams and that a car fitting the description given by the caller was parked in the driveway of the apartment, the police obtained a warrant to search this apartment for new television sets and for credit cards in the names of persons other than those who resided at that address. This search yielded a new television set and a credit card receipt bearing the signature of Benny Barnes. After a subsequent investigation led to the photographic identification of both defendants, the defendants were arrested and charged with the armed robbery of Derrick and Benny Barnes. This investigation included evidence that the defendants had attempted to use Barnes' credit cards at several retail stores in the New Orleans area.
A review of this case for errors patent reveals that although each defendant was convicted of two counts of armed robbery and sentenced to 198 years at hard labor without benefit of parole, probation or suspension of sentence, the trial judge erred in failing to specify to which count the sentence applies. State v. Perkins, 480 So.2d 451 (La.App. 4th Cir.1985). Although it appears that the trial judge intended to sentence each defendant to a total term of 198 years for the two counts of armed robbery, this cannot be assumed. Additionally, the multiple offender statute, LSA-R.S. 15:529.1, may be used to enhance only one of each of the defendant's convictions due to the fact that both convictions were entered on the same date. State v. Sherer, 411 So.2d 1050 (La.1982). Because the trial judge simply stated that both defendants were to serve 198 year sentences, it cannot be determined whether the trial judge enhanced the sentences on both counts or whether he only sentenced each defendant on one count each. Either way, the sentence imposed is unclear and this case must be remanded for resentencing.
In assignment of error one, both defendants[1] allege that the trial court erred in allowing evidence to be introduced at trial which was seized from defendant Williams' apartment pursuant to a search warrant which defendants claim was obtained without probable cause in violation of U.S. Const.Amend. IV and La. Const. Art. 1 Section 5. Additionally, defendants argue that the execution of this unjustified search warrant resulted in a violation of their constitutionally protected right to privacy.
According to defendants, the "totality of the circumstances" analysis of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) does not indicate that probable cause existed for the issuance of the search warrant in this case. Specifically, defendants claim that the warrant was not justified because the informant did not have a past record of reliability and because the tip was not corroborated with any observance of suspicious activity.
In this case, the anonymous caller indicated specific stolen property purchased with stolen credit cards. The caller further stated that he or she had been personally solicited by one of the defendants to purchase the property which the defendant admitted to the caller had been obtained with a stolen credit card. The caller also described the unusual automobile belonging to the defendant. Because the police corroborated several of these facts, including that Williams resided at the apartment in question, that he had prior drug and theft convictions and that the unusual car with the new tire was parked in front of the apartment, the finding of probable cause can be supported. In Illinois v. Gates, supra, the court held that because the information obtained by the informant had been corroborated by police investigative work, sufficient probable cause existed to issue a search warrant despite the fact that there was no evidence of the informant's reliability or of any observed criminal activity. Although more details were corroborated in the Gates case, the totality of the circumstances in this case does support a finding of probable cause for the search warrant. It should also be noted that great deference is given to the decision of the magistrate to issue a *171 search warrant. State v. Rodriguez, 458 So.2d 528 (La.App. 4th Cir.1984). Therefore, this assignment of error is without merit.
In the second assignment of error, the defendants allege that the evidence was insufficient to prove that one of the defendants was armed with a dangerous weapon. Specifically, they argue that because the victims did not see a weapon and because no verbal threat was made on the victims' lives, sufficient evidence did not exist as to the presence of a dangerous weapon.
This assignment of error is without merit. Because both victims perceived that the defendants were armed because of the clicking sound of an object held by one of the defendants which the victims believed to be the sound of a gun being cocked, the evidence sufficiently supported the finding that the defendants were "armed with a dangerous weapon" for purposes of R.S. 14:64. Although the defendants did not directly threaten to shoot the victims, the atmosphere of intimidation created by the defendants in forcing the victims to lie down on the shoulder of the highway in a defenseless position prompted the reasonable reaction of the victims to fear for their lives and the jury was justified in finding that all of the elements existed for the crime of armed robbery. State v. Green, 409 So.2d 563 (La.1982).
In the third assignment of error, the defendant Lewis argues that the identification of him at trial by witness James Troxclair was inconclusive. Specifically, Lewis contends that this identification failed to meet the guidelines set forth in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The Manson case outlines the procedures for the identification of a criminal defendant by an eyewitness to the crime. Troxclair is a sales clerk at a retail establishment where Lewis attempted to use one of the credit cards stolen in the armed robbery in question. Therefore, because Troxclair was neither a victim of nor an eyewitness to this crime, the Manson case is inapplicable. Furthermore, the defendant Lewis was positively identified by one of the victims, Derrick Barnes, as one of the men who robbed him on September 8, 1984. Therefore, this assignment is without merit.
In the fourth assignment of error, defendant Lewis argues that he was prejudiced because he was tried wearing prison clothing and that this factor contributed to his conviction. Defendant relies on the case of Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), in support of his contention.
The Estelle case is inapplicable to this case because in Estelle, the defendant was compelled to wear prison clothing at trial. In this case, the court offered to provide other clothing to the defendant but the defendant refused this offer. The Estelle court stated as follows:
"Accordingly, although the State cannot, consistently with the Fourth Amendment, compel an accused to stand trial in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Estelle v. Williams, supra, at p. 513-514, 96 S.Ct. at 1697.
Hence, the fact that the defendant stood trial in prison clothing did not result in a violation of his constitutional rights by the trial court because the trial court did not compel the defendant to wear the prison clothing.
Additionally, because defense counsel did not object to the fact that the defendant was being tried in prison clothing until after the trial had begun, the objection was not timely because it was not made at a time when relief might have been granted. LSA-C.Cr.P. art. 841, State v. Bird, 302 So.2d 589 (La.1974). Therefore, this assignment of error is without merit.
In the fifth assignment of error, defendant Lewis alleges that the prosecutor made inflammatory remarks during rebuttal argument which prejudiced the defendant and deprived him of his right to a fair trial. *172 The two sets of allegedly inflammatory remarks made by the prosecutor are:
"... Just because he couldn't verbalize why he knows that face over anybody else's doesn't mean you should set that man free to hold that shotgun again. Remember that. You come back not guilty, that pouch and shotgun have never been recovered." and, later,
"The state never produced that. That direct eye-witness testimony. Armed robbers pounce on not having witnesses. `One on One' it's called, my word against your word. There are violent crimes that happen all over this city."
It should first be noted that these two sets of remarks were made at different times during the prosecutor's rebuttal argument and not consecutively as suggested in the defendant's brief. After the first set of remarks was made, the defendant objected and the trial judge sustained the objection. No request was made by the defense at that time for an admonition to the jury. When the second set of remarks was made, the defense objected and requested an admonition to the jury. The trial judge overruled this objection.
We conclude that the second set of remarks made by the prosecutor constituted proper rebuttal argument. On the other hand, the first set of remarks was improper and the trial judge correctly sustained the defendant's objection in that instance. However, even though these remarks were improper, they were not so prejudicial to the defendant so as to constitute reversible error, especially in light of the substantial evidence of defendant's guilt. State v. Marquer, 446 So.2d 1258 (La.App. 4th Cir. 1984), writ denied 450 So.2d 359 (La.1984) and 452 So.2d 168 (La.1984); cert. denied, Marquer v. Louisiana, 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984). Therefore, this assignment of error is without merit.
In assignment of error number six, defendant Rattler, a/k/a Williams, argues that the trial court erred in imposing an excessive sentence. Because we are remanding this case for resentencing as discussed earlier, this assignment is pretermitted. The defendant may raise this issue again after he has been resentenced.
In the seventh assignment of error, defendant Rattler alleges that the trial judge should have recused himself from this case because, in 1975, he was the assistant district attorney in the successful prosecution of the defendant on another charge. The record in this case does not reveal who prosecuted the defendant in his 1975 trial. The record does indicate that Dennis Waldron signed the bill of information in that case. Because it cannot be determined by the appeal record whether or not this claim has merit, we cannot rule on this claim at this time. The defendant is advised to raise this claim in an application for post conviction relief.
In the final assignment of error, defendant Rattler claims that the trial court should order a new trial in this case because Officer John Raphael "committed an error on the face of the record." Because this assignment has not been briefed, it is deemed abandoned on appeal.
For the above reasons, we affirm the convictions of the defendants. However, we vacate their sentences and remand this case for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] Because evidence seized from Williams apartment implicated defendant Lewis as well, both men have standing to attack this search warrant.