FRED W. JONES, Jr., Judge.
We granted writs and consolidated these cases to consider whether the defendants, charged with offenses allegedly committed during a period of legislative suspension of a portion of the Public Records Act, may obtain discovery of initial police reports made in connection with the pending charges.
The Public Records Act was amended by Act 945 of 1984 to provide:
Section 1. R.S. 44:3(A)(4) is hereby amended and reenacted to read as follows:
§ 3. Records of prosecutive, investigative, and law enforcement agencies
A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, including public health investigators and inspectors, correctional agencies, or intelligence agencies of the state, which records are:
(4) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the *161 issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
This amendment was interpreted in State v. Shropshire, 471 So.2d 707 (La.1985) to require disclosure of the initial police report of a complaint, regardless of its investigative content.
Subsequently, the effect of the cited amendment was suspended by the following legislative resolution:
Senate Concurrent Resolution No. 139
A Concurrent Resolution
To suspend until sixty days after final adjournment of the 1986 Regular Session of the Legislature of Louisiana that portion of the public records law under R.S. 44:3(A)(4), relative to the initial report of a police officer or officers investigating a complaint being a public record. WHEREAS, PURSUANT TO Act 945 of 1984, R.S. 44:3(A)(4) now provides that the initial report of the officer’s investigation of a crime is a public record; and WHEREAS, prior to enactment of Act 945 of 1984, such initial police reports were not part of such public record; and WHEREAS, the names and addresses of victims and witnesses are contained in such initial police reports; and WHEREAS, the police officer is sometimes recording only initial impressions of such victims and witnesses under extremely difficult circumstances at a crime scene; and
WHEREAS, while such impressions are useful in an investigation, they may be used to intimidate and embarrass witnesses when made public; and WHEREAS, the Supreme Court of Louisiana has interpreted Act 945 of 1984 to require the production of initial police reports, even to the discovery of “incident” reports; and
WHEREAS, suspension of the portion of the public records law relative to initial police reports will not affect the portion of the law which provides that arrest records, booking records, records of issuance, summons and citations or the filing of a bill of information are public records.
THEREFORE, BE IT RESOLVED that the Legislature of Louisiana suspends that portion of the public records law under R.S. 44:3(A)(4) relative to providing that the initial report of a police officer or officers investigating a complaint is a public record.
BE IT FURTHER RESOLVED that this suspension shall become effective on September 1, 1985, and shall extend through the sixtieth day after final adjournment of the 1986 Regular Session of the Legislature of Louisiana.
BE IT FURTHER RESOLVED that this Resolution shall be null and void when, as, and if Senate Bill No. 504 of the 1985 Regular Session by Mr. Windhorst is enacted into law.
Since the 1986 legislative session adjourned July 1, 1986, the period of suspension ended August 31, 1986.
The defendant McDaniel was indicted for attempted second degree murder and armed robbery, allegedly occurring on June 30, 1986. The defendant Manning was indicted for aggravated rape and armed robbery, allegedly occurring on July 8,1986. Therefore, each defendant was charged with criminal offenses allegedly committed during the period of legislative suspension of the portion of the Public Records Act pertaining to initial police reports.
During the period of suspension, both defendants filed motions for discovery, asking the trial court to order the district attorney to provide them with copies of initial reports of the officers investigating the complaints. Both discovery requests were denied by the trial court on October 22, 1986 on the ground that the offenses were allegedly committed during the period that R.S. 44:3(A)(4) [Act 945 of 1984] had been suspended by the legislature.
Both cases, consolidated for our consideration, present for resolution the same question: are initial police reports, made during the period of legislative suspension of Act 945 of 1984, now public records and subject to discovery? We answer in the affirmative.
Shropshire dealt with a criminal offense allegedly committed prior to the effective *162 date of Act 945 of 1984. Treating the statute in question as procedural, the court ruied that the initial report of the investigating officers constituted a public record and was subject to discovery.
In these cases the legislative suspension of Act 945 of 1984 only served to temporarily remove those initial police reports from discovery by the public. When these motions for discovery were filed the reports requested were not public records. Upon termination of the suspension the reports again became public records, as provided for by Act 945 of 1984. Therefore, when the trial judge ruled on the motions for discovery, the initial police reports had again become public records and were subject to discovery. Consequently, the trial court erred in denying the motions for discovery.
DECREE
For the reasons explained, the writs are made peremptory; the orders of the trial judge denying discovery motions for initial police reports are vacated; it is ordered that the defendants be furnished with copies of initial police reports of investigating officers; and the cases are remanded to the trial court for further proceedings.