ARMSTRONG, Judge.
Relator and a co-defendant, were convicted of two (2) counts of armed robbery. On appeal the convictions were affirmed, and the case was remanded for resentencing. State v. Rattler and Lewis, 503 So.2d 168 (La.App. 4th Cir.1987). The trial court re-sentenced relator on the second count to ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence. On the first count, the court *1316 ordered that the previous sentence of one hundred ninety-eight (198) years imposed under the multiple bill remain intact.
Relator is now before this court seeking review of the trial court’s ruling denying his application for post conviction relief.
Relator’s application states two (2) claims: (1) insufficient evidence to convict relator of armed robbery, and (2) the state withheld favorable evidence. In his memorandum however relator also claims that his counsel was ineffective for failing to object when the state introduced a receipt before establishing the unavailability of the clerk. The trial court addressed and denied all three (3) claims in its judgment.
Relator’s first claim is that there was insufficient evidence to convict him of being armed with a dangerous weapon. This issue was fully argued on appeal and adjudicated. It should not be reconsidered here. C.Cr.P. art. 930.4.
Relator’s second claim is that the state withheld information, contained on the police report, that several partial prints and a blood sample, were obtained from the victim’s car which had been stolen during the robbery. Relator contends that this evidence was exculpatory and was withheld from the defense.
The trial judge denied the claim stating that relator makes no showing of harm or prejudice and does not substantiate his allegations. Relator does provide a copy of the police report which substantiates the contention that partial prints and a blood sample were taken from the vehicle. However, there is nothing to indicate that this evidence was exculpatory. The armed robbery occurred on September 8, 1984, State v. Rattler and Lewis, supra, 169. The vehicle was recovered on September 13, 1984; the dashboard was broken and the radio missing. It is certainly possible that the prints and blood belonged to some third person who vandalized the abandoned vehicle during the five (5) days between the robbery and discovery of the vehicle. Further, in light of the fact that both victims positively identified relator as one of the robbers, State v. Rattler and Lewis, supra, 170, and that there was evidence that the relator and his co-defendant had attempted to use the victim’s credit card, stolen in the robbery, the alleged exculpatory evidence probably would not have changed the verdict. Thus, the failure to disclose would be harmless error. State v. Martin, 458 So.2d 454 (La.1984).
This claim has no merit.
Relator’s third claim is ineffective assistance of counsel.
A claim of ineffective assistance of counsel is to be analyzed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel’s performance was deficient and that the deficiency caused prejudice. Counsel’s performance is deficient when it can be shown that he made errors so serious that he was not functioning as the “counsel” guaranteed by the Sixth Amendment. Counsel’s deficient performance will cause prejudice if relator shows that the error(s) were so serious as to deprive him of a fair trial. Strickland, 104 S.Ct. at 2064. Relator must make both showings to require reversal.
Relator claims that his counsel was ineffective by failing to object to Officer Raphael’s identification of a credit card receipt containing the apparent signature of one of the victims and the telephone number of relator’s sister. Relator contends the defense counsel should have objected to the identification of the receipt where the state failed to make a showing that the clerk who made the receipt out was unavailable.
However, relator does admit in his memorandum that his counsel did object to the introduction of the receipt itself. The police officer’s identification of the receipt related to identifying items seized pursuant to a search warrant which led up to the photographic lineup and the subsequent is *1317 suance of an arrest warrant of relator. Relator fails to show that his counsel’s performance was deficient and/or that he was prejudiced by that deficiency.
This claim is without merit.
Accordingly, we find no error in the trial court’s ruling denying relator’s claims,