542 So.2d 684 (1989)
STATE of Louisiana
v.
John GRAY.
No. 88-KA-1314.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
*685 Harry F. Connick, Dist. Atty. and Sandra Pettle, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Kerry P. Cuccia, New Orleans, for defendant-appellant.
Before GARRISON, ARMSTRONG and BECKER, JJ.
GARRISON, Judge.
The defendant, John Gray, was charged by a bill of information with two counts of cocaine distribution. After being found guilty as charged, the defendant was sentenced to five years at hard labor, suspended and placed on probation for two years with the condition he pay a $2,000.00 fine, pay ten dollars a month to the probation department, pay court costs of one hundred dollars and perform fifty hours of community service or serve thirty days in default. Defendant appeals his conviction and sentence.
On November of 1985 an Officer Richard Cochran was doing undercover narcotics investigation for the New Orleans Police Department. On November 20, Cochran contacted Jean Giraudwho had instructed him to call her if he wished to purchase drugsshe told him to meet her at her apartment that same evening. At Giraud's apartment, Cochran was introduced to Darlene Maxwell who stated that she knew someone who would sell him cocaine and made a phone call. Later, a man named Ronald Farmer drove up. The four went into Maxwell's apartment where upon Cochran stated that he wanted to purchase two grams of cocaine. Farmer exchanged cocaine for money. Cochran turned the cocaine over to his superior, Detective Frank Weicks.
Giraud telephoned Officer Cochran and arranged to meet him at a bar on November 26. It was at this time that the defendant was pointed out to Cochran as a drug dealer. The defendant sold Officer Cochran two grams of cocaine which were subsequently turned over to Weicks.
On December 2 the defendant called Officer Cochran and arranged to sell him an eighth of an ounce of cocaine at a bar later that evening. They met as planned and the sale took place. The drugs were again turned over to Weicks.
A review of this case for errors patent reveals that although the defendant received a five year suspended sentence for two counts of cocaine distribution, the trial judge erred in his failure to specify to which count(s) the sentence applies. State v. Rattler, 503 So.2d 168 (La.App. 4th Cir. 1987); State v. Perkins, 480 So.2d 451 (La. App. 4th Cir.1985). The case must be remanded for resentencing.
The defendant contends that he was not afforded a fair trial due to improper voir dire, improper opening argument, the admission of impermissible hearsay and irrelevant evidence, improper limitation of cross examination and an improper closing argument.
The defendant contends that the prosecutors impermissibly instructed the jury that they would have to listen to the evidence and make a decision. The defense argues that the correct instruction would have been to tell the jury that they must be convinced beyond a reasonable doubt. The function of a jury is to reach a decision. "Reasonable doubt" is the standard the jury must apply in reaching this decision and is traditionally explained in the judge's charge to the jury. We find this argument to be without merit.
*686 The defense complains that the State incorrectly told the jury the evidence it intended to introduce through Cochran. C.Cr.P. art. 766 provides: "The opening statement of the State shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the State expects to prove the charge." The State traditionally sets out in its opening statement what it intends to introduce as evidence through its witnesses. Art. 766 provides that this is indeed the purpose of opening statement, and no precedent stands to the contrary.
The defense specifically complains that the opening statement impermissibly referred to inadmissible hearsay in that the prosecutor told the jury that Cochran would testify he received a phone call from Giraud who told him to come to her house if he wanted cocaine. Although a prosecutor may not refer to inadmissible hearsay, in the absence of prosecutorial bad faith and substantial prejudice to the defendant, the error is not reversible. State v. Scott, 454 So.2d 851 (La.App. 5th Cir.1984).
The general rule is that, absent bad faith on the part of the prosecutor or clear and substantial prejudice, the reference in the opening statement to evidence later ruled inadmissible is not a ground for a mistrial. The rule takes into account that proof frequently falls short of professional expectations.

State v. Green, 343 So.2d 149, 151 (La. 1977).
In Scott, supra, the district attorney told the jury in opening argument that the officer would testify he learned the license number of the car at the scene, and traced the license to the defendant. The defendant argued "that as a result of the district attorney's opening statement, the jury made a leap of faith as to the defendant's identification and arrest." The license number was never introduced into evidence. The Fifth Circuit ruled:
The reference by the district attorney to the match-up of the license number of the robber's car to the defendant was very brief, a mere summarization of his investigation, and devoid of any particular evidentiary fact. The victim testified at trial that the robber drove up in "a red car, a Monte Carlo or something, a Pontiac..." and, similarly, Detective Gordon testified the defendant was occupying a red Pontiac with a black top at the time of his arrest, and the victim identified a photograph of the defendant. Thus, the jury could have connected the defendant with the car used in the robbery without the introduction of any public record of license plate numbers, and there is sufficient evidence to connect the defendant with the crime for which he is charged independent of any inference in the district attorney's opening statement.
Scott, supra, at p. 854.
In this case, as in Scott, supra, there is sufficient evidence to connect the defendant with the crime independent of the reference in the district attorney's opening statement. The transaction was in fact complete in this case and the jury could have connected the defendant with the crime without the introduction of Giraud's statement. Moreover, "the prosecutor's opening statement is not evidence and has no probative force. Rather, it is designed to inform the jury that they may understand the evidence as it unfolds and to protect the defendant from surprise." Green, supra, at p. 151. Here there is no evidence of prosecutorial bad faith or substantial prejudice to the defendant.
The defendant also objects to Cochran's testimony stating that Giraud told him to meet her at a particular bar and that Giraud pointed out Gray as the man with cocaine.
The Louisiana Supreme Court has held that a police officer may refer to statements made by other persons involved in a case to explain his own actionnot to prove the truth of the assertion made but to explain the sequence of events leading to the arrest of the defendant from the officer's viewpoint. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986). The instant situation is not unlike that in Clark, supra, where the officer testified as to non-testifying bar patrons' *687 statements identifying the defendants as the robbers of the bar.
The defendant argues prejudice due to testimony of Officer Cochran regarding an incident where "... a gun was stuck in (his) neck ..." in an unrelated incident. While irrelevant, we find that the defendant suffered no prejudice through the admission of this testimony.
The defendant complains the trial court improperly curtailed the cross-examination of Cochran concerning the use of recording devices. When defense counsel attempted to question Cochran on the use of recording devices in connection with other cases, the trial court ruled the questioning impermissible as it was outside the proper scope of cross-examination. Cochran testified he used no recording devices. Thus, whether or not they were used in other cases is plainly immaterial.
Finally, the defense argues that mistrial should have been granted based on the totality of the aforementioned incidents. We find that the above incidents, taken separately or as a whole, do not warrant a mistrial nor do they constitute reversible error. The conviction is affirmed, the sentences vacated and the case remanded for resentencing.
CONVICTION AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.