SAUNDERS, Judge.
The defendant, Major Lee Robinson, Sr., was charged with the offense of armed robbery, in violation of LSA-R.S. 14:64. Robinson was tried before a jury of twelve persons and unanimously found guilty as charged. Robinson was sentenced to serve fifteen (15) years at hard labor, without benefit of probation, parole or suspension of sentence, to run concurrently with any other sentence Robinson was currently serving.
From this conviction and sentence, Robinson now appeals, alleging that the evidence was insufficient to convict him of armed robbery.
FACTS
On October 3, 1991, after receiving his monthly social security check, Russell Waller was confronted by Robinson. Robinson snatched Waller’s check from Waller’s hand and demanded to be allowed to accompany Waller and his cousins into town. Robinson showed Waller the top of a knife which Robinson had in his back pocket and said, “I got it right here.” When Waller’s cousins began to approach Robinson, he returned the check to Waller.
After retrieving his check from Robinson, Waller and his cousins departed for the bank. Out of fear, Waller asked Robinson to come along. Waller’s cousin’s vehicle ran out of gas on the way to town, so Waller decided to get out and walk to the bank. Robinson caught up with Waller and demanded that Waller give him $100.00. When Waller protested, Robinson told him that he was letting Waller go easy and that Robinson originally intended to demand $150.00.
Robinson then followed Waller into the bank. Waller did not have an account at the bank, but routinely cashed his social security checks there. A bank employee, Ms. Cody, had seen Waller in the bank on several previous occasions. She testified that both Waller and Robinson seemed *829 very nervous when they entered the bank and throughout the transaction. Waller approached Ms. Cody’s desk and asked to open an account. Waller testified that he decided to open the account to prevent Robinson from taking all of his check.
Waller testified that he feared Robinson would take all of his money because one month before this incident, Robinson had threatened to kill him if he did not give Robinson money from his social security check. After that incident, Robinson began to demand money from Waller on a regular basis when Waller received his social security payments.[1] Additionally, Waller testified that Robinson often laughed and boasted of how he forced other people to give him money while threatening them with injury.
After Waller approached Ms. Cody’s desk and asked to open an account, Robinson followed Waller to Ms. Cody’s desk and sat about six feet from Waller while Ms. Cody talked to Waller. Robinson repeatedly told Ms. Cody and Waller that they needed to “hurry the transaction along.” At one point during the transaction, Robinson got up and ran to the back door of the bank and spoke to someone who drove up in a truck. While Robinson was away, Ms. Cody asked Waller what was wrong, but Waller simply turned toward Robinson’s direction and would not speak because Robinson was returning. When Robinson returned, he moved his chair to within six inches of Waller. Waller testified that while Ms. Cody left to cash his social security check, the defendant again pointed to the knife in his back pocket and said, “I’ve got my knife, you know.” Subsequently, Ms. Cody returned with cash and gave Waller $147.00 from his check. Waller then turned to Robinson and gave him $100.00. Robinson immediately got up and left the bank. Ms. Cody again asked Waller what was wrong, and Waller said, “call the police, I’ve just been robbed.” Waller also told Ms. Cody that “I don’t know if you know it or not, but he had a knife on us the whole time.” Ms. Cody testified at trial that she had never actually seen the knife.
ERROR PATENT
LSA-C.Cr.P. art 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief. The record shows that the trial court did not inform Robinson. This defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or remand the case for resentenc-ing. LSA-C.Cr.P. art. 921.
The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. art. 914 or 922, so prescription is not yet running. We order the district court to inform Robinson of the provisions of Article 930.8 by sending him appropriate written notice within ten (10) days of the rendition of this opinion and to file written proof that Robinson received said notice in the record of these proceedings. See State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992).
ASSIGNMENT OF ERROR
Robinson contends that there was insufficient evidence to convict him of armed robbery. We disagree.
Under the Jackson v. Virginia standard, when the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses and, therefore, the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review.
*830 In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
The offense of armed robbery is contained in LSA-R.S. 14:64 and states, in pertinent part:
“A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
Robinson only challenges the sufficiency of the State's case as it pertains to the presence of a dangerous weapon during the offense.
In State v. Green, 409 So.2d 563 (La.1982), the Louisiana Supreme Court upheld an armed robbery conviction where the defendant was armed with only a toy pistol. The Court noted that everyone involved in the robbery believed that the toy gun was real, and all were placed in fear of bodily harm during the course of the robbery. The Court further stated that the manner in which the defendant used the toy pistol and the effect this use had upon the victims, provided sufficient evidence for the jury to convict the defendant under the Jackson v. Virginia standard.
In State v. Rattler, 503 So.2d 168 (La.App. 4th Cir.), writ denied, 507 So.2d 224 (La.1987), the Court affirmed a conviction for armed robbery where the victims did not actually see the weapon. The Court stated that the victims perceived that the defendants were armed because of threats made by the defendants and because the victims believed they heard the sound of a gun being cocked.
In this case, Waller clearly had a reasonable belief that Robinson was armed with a knife and would harm him if Waller did not give Robinson the $100.00. Waller saw the top of the knife in Robinson’s pocket, and Ms. Cody was told about the knife immediately after Robinson departed the bank. Robinson argues that Waller is the only person who testified to seeing the knife, however, Rattler, supra, holds that the mere reasonable belief that such a weapon exists is sufficient for conviction. Furthermore, Waller was the individual being robbed, and it is the victim who must believe that the defendant is armed.
After hearing all of the evidence and seeing all of the witnesses, the jury unanimously convicted Robinson as charged. It is the role of the fact finder to evaluate the credibility of the witnesses, and the appellate court should not second-guess such determinations. State v. Decuir, 599 So.2d 358 (La.App. 3d Cir.), writ denied, 605 So.2d 1095 (La.1992).
CONCLUSION
Based upon the foregoing, we find that there was sufficient evidence presented to prove that Robinson, while armed with a dangerous weapon, forced Waller to accompany him to a local bank to cash a check and then took money from Waller by the use of force or intimidation.
DECREE
The conviction of Major Lee Robinson, Sr. is hereby affirmed.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the district court inform the defendant of the prescriptive period for post conviction relief in accordance with the provisions of LSA-C.Cr.P. art. 930.8 by sending Robinson appropriate written notice within ten (10) days of the rendition of this opinion and to file written proof that Robinson has received said notice in the record of these proceedings.
AFFIRMED, AS AMENDED.

. Robinson was about 6’1” tall and weighed approximately 225 to 230 pounds, while Waller was 5’8” tall and weighed approximately 145 pounds.