**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-30136

_____

ERNEST LEWIS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-924-F)

_____

March 9, 2001

Before WIENER and STEWART, Circuit Judges, and SMITH, District Judge.[*]

PER CURIAM[**]:

Petitioner-Appellant Ernest Lewis ("Lewis") appeals the district court's dismissal of his habeas corpus petition, in which Lewis alleged that during his armed robbery trial the prosecution

_____

[*] District Judge of the Western District of Texas, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

suppressed exculpatory evidence in violation of <u>Brady v. Maryland</u>.[1] Finding no constitutional error, we affirm the district court's decision and dismiss Lewis's petition.

## I.

### FACTS AND PROCEEDINGS

Lewis, along with a co-defendant, was convicted after a jury trial in Louisiana state court in 1985 on two counts of armed robbery for the holdup of brothers Derrick and Benny Barnes.[2] He was sentenced to 198 years' imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. His conviction was affirmed on direct appeal, but his sentence was vacated and the case remanded for resentencing.[3] On remand, Lewis was resentenced to 198 years on the first count and 99 years on the second count.[4]

In 1999, Lewis filed this successive federal petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254.[5] Among other claims, Lewis advanced that the state violated <u>Brady</u> by failing to turn over to the defense a supplemental police report relating that

---

[1]   373 U.S. 83, 86 (1963).

[2]   <u>State v. Rattler</u>, 503 So.2d 168 (La. Ct. App. 1987).

[3]   <u>Id.</u> at 170, 172.

[4]   <u>See</u> <u>State v. Lewis</u>, 537 So.2d 1315, 1315-16 (La. App. 4th Cir. 1989).

[5]   Lewis previously filed for habeas relief in federal court in 1991.

five days after the robbery, Derrick Barnes, the only victim to identify Lewis at trial, stated that "he did not get a good enough look at the two men to identify them from photos." Twelve days after he made this statement, however, Derrick Barnes identified Lewis from a photo array, and he repeated the identification at trial.

In light of the police report newly discovered by Lewis,[6] this court granted him permission to file a successive habeas petition pursuant to 28 U.S.C.A. § 2254(b)(2)(B).[7] The district court for the Eastern District of Louisiana dismissed the petition with prejudice on the recommendation of the magistrate judge, who concluded that Lewis's failure to obtain the police report before he filed a previous habeas petition in 1991 "does not equate with a finding of due diligence" under § 2254(b)(2)(B)(i). The

---

[6] The state concedes that it did not turn over the report to Lewis at trial. He received it in 1993 on a writ of mandamus from the Civil District Court for the Parish of Orleans.

[7] 28 U.S.C.A. § 2254(b)(2)(B) states:

(b)(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless — . . .
     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
     (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

magistrate judge also recommended that Lewis's claim be denied on the merits.

The magistrate judge first noted that the police report, which was not a verbatim account of the victim's statements, might not have been appropriately used for impeachment.[8]  Additionally, she pointed out that the defense (1) learned before trial that Barnes did not make an identification at the initial photographic lineup and (2) had a full opportunity to cross-examine Barnes about his identification of Lewis.[9]  Finally, the magistrate judge noted that the Louisiana state courts had rejected Lewis's Brady claim in his attempts to obtain post-conviction relief in state court, determinations entitled to great deference by the district court.[10] The magistrate judge concluded that, "[w]hen viewed in the context of the entire trial, the Court does not believe that the outcome of Lewis' trial would have been any different had the disputed report been presented to the defense."  The district court adopted the magistrate's report and recommendation and dismissed the petition

---

[8]  See, e.g., United States v. Merida, 765 F.2d 1205, 1215-16 (5th Cir. 1985).

[9]  Derrick Barnes testified that he identified Lewis's picture at the apartment the brothers shared.  Actually, he was unable to identify anyone when the police showed him photographs there.  Benny Barnes accurately testified later in the trial that Derrick did not identify either robber during the first photographic showing, but did pick Lewis from a photo array subsequently shown at police headquarters.

[10]  See, e.g., Drinkard v. Johnson, 97 F.3d 751, 767-68 (5th Cir. 1996), overruled in part on other grounds, Lindh v. Murphy, 521 U.S. 320 (1997).

4

with prejudice.

Lewis appealed, proceeding pro se and in forma pauperis.  We granted him a certificate of appealability on the issue whether the State improperly withheld exculpatory evidence in violation of Brady.[11]

II.

ANALYSIS

A.  Standard of Review

The standard for collateral federal review of state-court convictions is given in 28 U.S.C. § 2254(d)[12]:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

B.  Discussion

We agree with the district court that Lewis did not exercise due diligence within the meaning of § 2254(b)(2)(B)(i).  Although police reports were considered confidential and not subject to

---

[11]  Therefore, none of Lewis's other claims, including an ineffective assistance of counsel claim rejected by the district court, are before us.

[12]  See Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).

5

disclosure under Louisiana law at the time of Lewis's trial, they became public records subject to disclosure through public records requests effective August 31, 1986.[13]  Lewis states that he never had access to the police report that was suppressed at trial, and that he "had no knowledge of how to obtain any public records but was assisted by several different prisoners over the years in seeking discovery and preparation of Habeas Corpus applications."

The district court noted, however, that in 1988 Lewis sought post-conviction relief from the state courts on a <u>Brady</u> claim based on a different police report withheld by the state at trial, indicating that Lewis knew how to obtain police reports before he filed his first application for federal habeas corpus relief in 1991.  Lewis nevertheless failed to ask the district attorney for a copy of the file regarding his arrest and prosecution until October 1992.  Because Lewis apparently could have obtained the supplemental police report here at issue before he filed his first federal habeas petition, he could have discovered the factual predicate for this successive petition through the exercise of due diligence, barring relief under § 2244(b)(2)(B)(i).[14]

In the alternative, we turn to the merits of Lewis's claim. After an accused requests exculpatory material, suppression by the

---

[13]  <u>See</u> <u>Hudson v. Whitley</u>, 979 F.2d 1058, 1061 (5th Cir. 1992) (citing <u>State v. McDaniel</u>, 504 So.2d 160, 161 (La. App. 2d Cir. 1987)); <u>State v. Shropshire</u>, 471 So.2d 707, 708 (La. 1985).

[14]  <u>See</u> <u>Graham v. Johnson</u>, 168 F.3d 762, 789-90 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1097 (2000).

prosecution of favorable evidence violates due process if the evidence is material either to guilt or to punishment.[15]  To prove a <u>Brady</u> violation, a petitioner must show that (1) the prosecution suppressed or withheld evidence; (2) the evidence was favorable; and (3) the evidence was material to the defense.[16]  <u>Brady</u> encompasses evidence that may be used to impeach a witness's credibility.[17]  Withheld evidence is "material" under <u>Brady</u> "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[18]  A "reasonable probability" is shown "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'"[19]

We again agree with the district court that there is no reasonable probability that the result of Lewis's trial would have been different had the state disclosed the police report to the defense.  Significant to our determination is the fact that Lewis's photograph was not included in the initial array shown to the victim.  That array did include a photograph of Lewis's co-

---

[15]  <u>Brady</u>, 373 U.S. at 87.

[16]  <u>United States v. Stephens</u>, 964 F.2d 424, 435 (5th Cir. 1992).

[17]  <u>Kopycinski v. Scott</u>, 64 F.3d 223, 225 (5th Cir. 1995) (citing <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985)).

[18]  <u>Bagley</u>, 473 U.S. at 682.

[19]  <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995) (quoting <u>Bagley</u>, 473 U.S. at 678).

7

defendant, Donald Lee Williams,[20] who was convicted along with Lewis of the armed robbery of the Barnes brothers. Benny Barnes identified Williams from the first array; Derrick identified no one. After Lewis had emerged as a suspect in the holdup, the brothers were shown a second array less than three weeks after the crime, which array included Lewis's photograph, but not Williams's. Derrick Barnes identified Lewis; Benny identified no one. These facts fit the description of the robbery given at trial, in which the brothers explained that, because of the way that the robbery transpired and the physical layout of the scene, each of them saw only one of the perpetrators. Derrick Barnes testified at trial that he had been able to see Lewis's face.

The police report unquestionably should have been turned over to the defense. Nevertheless, on these facts, we are not convinced that there is a reasonable probability that Lewis would have been acquitted had the defense obtained access to the withheld report's version of the victim's statement that "he did not get a good enough look at the two men to identify them from photos."

III.

CONCLUSION

For the foregoing reasons, we are satisfied that the supplemental police report is not "material" evidence under Brady, and that the state adjudication of Lewis's claim was not contrary

---

[20] Also known as Ray A. Rattler.

to federal law or based on an unreasonable determination of the facts. We therefore affirm the judgment of the district court dismissing Lewis's petition for habeas corpus.

AFFIRMED.

S:\OPINIONS\UNPUB\00\00-30136.0
3/6/01 1:34 PM