GUIDRY, Judge.
The defendant, Randy Johnson, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. On November 24, 1981, the defendant entered a plea of guilty to a charge of simple robbery, a violation of LSA-R.S. 14:65. The trial court sentenced the defendant to seven years at hard labor, with the sentence to run concurrent with time presently owed to Louisiana Department of Corrections except for three years which would run consecutively. The defendant filed a motion to have an illegal sentence corrected, which was heard on July 12, 1983 and denied.
In his only assignment of error, the defendant contends that the trial court erred in imposing a sentence which is illegal under Article 883 of the Code of Criminal Procedure.
LSA-C.Cr.P. Art. 883 provides:
“If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.” (Emphasis added)
At the hearing on the motion to correct the sentence, counsel for the defendant argued that LSA-C.Cr.P. Art. 883 only provides the court the option of ordering that an entire sentence be served consecutively or ordering that the entire sentence be served concurrently. He asserted, as he does now on appeal, that the trial court is not authorized to “split” a single sentence, i.e., ordering that a portion of the sentence be served concurrently with another sentence, with the remainder to run consecutively. We find no such restriction in the article.
In our view, LSA-C.Cr.P. Art. 883 permits the trial judge to order that a portion of a sentence be served concurrently and the remainder consecutively. We find that this interpretation is more in keeping with the well established jurisprudential policy that the trial judge is afforded wide discretion in imposing sentences within statutory limits. State v. Molinario, 400 So.2d 596 (La.1981). In this regard, we note that our interpretation of Art. 883 does nothing to limit or extend the legislatively established sentencing parameters. It is clear that the trial court could have imposed the maximum seven-year sentence and ordered that the entire sentence be served consecutively. Instead of imposing this more onerous sentence, the trial court chose to order that *50 four years of the seven year term be served concurrently with another sentence. The court was also empowered to impose a three year sentence to run consecutively to the sentence being served. As a practical matter, such a sentence would be the equivalent of that actually imposed. We fail to see any abuse of the trial court’s discretion in imposing sentence.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.