LABORDE, Judge.
On August 13, 1985, defendant was indicted by a Lafayette Parish Grand Jury for simple kidnapping in violation of La. R.S. 14:45 and attempted first degree murder in violation of La.R.S. 14:27 and 14:30. Defendant pleaded not guilty to both charges. The bill of information was amended on December 3, 1985, to charge defendant with attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. At trial for attempted second degree murder, defendant was convicted by responsive verdict of aggravated battery, a violation of La.R.S. 14:34, and his conviction was affirmed on appeal. On May 13, 1986, the simple kidnapping charge was amended by bill of information to simple kidnapping under La.R.S. 14:45 with additional penalties for use of a firearm under La.R.S. 14:95.2 to conform with State v. Jackson, 480 So.2d 263 (La.1985). Defendant pled not guilty to the amended charge. Defendant was then convicted by a unanimous six person jury on May 27, 1987. On August 11, 1987, defendant was sentenced to five years at hard labor for simple kidnapping, to run concurrently with the aggravated battery conviction arising from the same incident. Also, an additional two years, to be served consecutively to his two five year sentences, were imposed pursuant to La.R.S. 14:95.2. Defendant now seeks review of his conviction and sentence in this court asserting two assignments of error.
The facts surrounding this charge will not be stated in this opinion as they have been previously reported in State v. Caillouet, 496 So.2d 1312 (La.App.3d Cir.1986).
ASSIGNMENTS OF ERROR
Defendant assigns the following errors made by the trial court:
“(1) The trial court erred in that it imposed an excessive sentence upon this defendant;
(2) The trial court erred in that it did not exclude evidence of a shooting which was not part of the offense of kidnapping and which evidence, nevertheless, prejudiced the defendant by its admission.”
ASSIGNMENT OF ERROR NO. 1
Appellant urges that the sentence imposed upon him was excessive. His specific complaint is to the relativity of the sentence here and that which he received for the aggravated battery conviction arising from the same act or transaction. He claims that once a sentence has been imposed for one crime in a series of crimes based upon the same criminal act, the judge should not impose a harsher sentence in the second conviction. He also claims that those sentences should run concurrently. He bases this argument on LSA-C. Cr.P. art. 883 which states (in pertinent part):
“If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.”
A clear reading of this article contradicts defendant’s contention. The Louisiana Supreme Court rejected a similar argument in State v. Littleton, 436 So.2d 500 (La.1983). In that case the court stated:
“Defendant contends that the consecutive sentences imposed in this case is not in compliance with C.Cr.P. 883. This article is of no aid to defendant; it specifically excludes from its scope sentences the court expressly directs are to be served consecutively.”
Id. at 506.
Louisiana courts have adhered to a general rule that concurrent sentences are *1110 preferred for crimes that arise out of a single course of criminal conduct. This rule will normally apply to a defendant without a previous criminal record and in the absence of a showing that public safety requires a harsher sentence. State v. Molinario, 400 So.2d 596, 600 (La.1981). However, consecutive sentences are not necessarily excessive when prescribed for convictions arising out of a single course of conduct. Id.
Defendant’s sentence for simple kidnapping, while the maximum under La.R.S. 14:45, was the same length as that of the aggravated battery against the same victim. These two sentences are to be served concurrently exactly as La.C.Cr.P. art. 883 and the general Louisiana rule favor. The two year enhancement for firearms use during the commission of the crime under La.R.S. 14:95.2 is to be served consecutively to the sentence imposed for the crime itself. This adheres to R.S. 14.95.2(C) which states:
“The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.”
This enhancement statute for use of firearms during the commission of a crime evidences a legislative perception that those committing crimes with firearms pose a heightened risk to public safety. Also, the defendant had a prior misdemean- or conviction for aggravated assault with a firearm in New Orleans. The trial judge could reasonably have decided that to reduce the total sentence exposure for simple kidnapping with a firearm to five years, as was done in the aggravated battery sentence, would deprecate the seriousness of the offense and circumvent the legislative intent of discouraging the use of a firearm by failing to subject the defendant to additional prison time than had he not used a firearm.
A trial judge’s wide discretion in sentencing a defendant is not abused when part of a sentence is concurrent with another sentence, while the remainder is to run consecutively with the other sentence. State v. Johnson, 450 So.2d 48, 49 (La.App.3d Cir.1984). Defendant’s assignment of error No. 1 lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that testimony concerning his shooting and wounding of the victim should not have been admissible. He claims that this is “other crimes” evidence and should not have been admissible as a jury may have inferred guilt of the present offense from the stigma of the aggravated battery. Defendant also contends that if that evidence is admitted as part of the res gestae, then his motion to quash should have been granted, as the prohibition against double jeopardy was violated.
Evidence which forms any part of the res gestae is admissible. The res ges-tae exception includes criminal acts which are an inseparable part of the continuous criminal deed and show a close connexity in time and location between the offense charged and the evidence of other wrongful acts sought to be introduced. State v. Haarala, 398 So.2d 1093, 1097 (La.1981). Because the “other crimes” evidence falling under the res gestae exception is part of the transaction that precipitated the offense being tried, no notice of the state’s intention to introduce the evidence of the other crime is required. La.C.Cr.P. art. 720; State v. Belgard, 410 So.2d 720, 723 (La.1982).
Defendant contends that if the “other crimes” evidence is allowed in as part of the res gestae, then his conviction violates the prohibition against double jeopardy. Defendant in his brief points to the case of State ex rel. Smith v. Phelps, 345 So.2d 446 (La.1977), and says that in that case the Louisiana Supreme Court “barely found” that a misdemeanor assault conviction followed by a felony conviction for simple kidnapping did not violate the prohibition against double jeopardy. We find the holding of Smith applicable and find it to be no less authoritative due to the lack *1111 of unanimity of the court.[1] In Smith the defendant was charged with aggravated assault and with violations of municipal ordinances for displaying a dangerous weapon and disturbing the peace. He was sentenced by a Mayor’s Court on those charges. He was later convicted by the District Court for simple kidnapping.[2] In finding that the second conviction did not violate the prohibition against double jeopardy, the court stated:
“Louisiana applies the ‘same evidence’ test in determining if a second trial constitutes double jeopardy. This test holds that offenses are the same if the elements required to support conviction upon one of the offenses would have been sufficient to warrant conviction upon another. That is to say, where the gravaman of the second offense is essentially included within the offense for which first tried the second prosecution is barred because of former jeopardy.”[3]
Id. at 450. The court further noted that the “same evidence” rule is not meant to prohibit a defendant, who goes on a crime spree violating more than one criminal statute within a short time span, from being prosecuted for more than one offense without violating the prohibition against double jeopardy. The court also found that even though evidence of the kidnapping was used in the previous trial for the municipal court violations, the state was not later barred from prosecuting the defendant on the kidnapping charge.
Simple kidnapping is defined by La.R.S. 14:45(A)(1).[4] Aggravated Battery is defined by La.R.S. 14:33 and 14:34.[5] These two offenses are totally separate and distinct, require different factual proof, and neither is essentially included within the gravamen of the other offense. The present case presents facts which show that the “other crimes” evidence fits within the res gestae, yet is not violative of the constitutional protection against double jeopardy. The aggravated battery committed by the defendant may have been an attempt to prevent the victim from escaping his simple kidnapping of her, but was, nevertheless, a separate and distinct criminal offense and prosecution for that offense is not barred by the double jeopardy prohibition.
Defendant’s second assignment of error lacks merit. His conviction and sentence are thus affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.

. In Smith, Justice Summers wrote the majority opinion with Justices Tate, Dixon, and Calogero dissenting.

. The abridged facts were that the defendant saw his estranged common-law wife in a store, he grabbed her around the neck, drew his pistol, pulled her into his car while pointing the gun at her and various other people, and drove away with her in the car.

. We note that the Louisiana Supreme Court has also pointed out that the state and federal constitution require that another test be applied to determine if there is double jeopardy. Namely, whether each offense requires proof of additional facts that the other does not. That test is also met here. See State v. Coody, 448 So.2d 100 (La.1984).

. La.R.S. 14:45(A)(1) defines simple kidnapping as:
"The intentional and forcible seizing and carrying of any person from one place to another without his consent.”

. La.R.S. 14:33 defines battery:
“Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to smother.”
La.R.S. 14:34 defines aggravated battery:
"Aggravated battery is a battery committed with a dangerous weapon."