236 N.J. Super. 378 (1989)
565 A.2d 1128
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALAN ROGERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 1989.
Decided October 30, 1989.
*380 Before Judges KING, BRODY and SKILLMAN.
Alfred A. Slocum, Public Defender, attorney for appellant (William Welaj, Designated Counsel, of counsel and on the brief).
Alan Rogers, appellant, filed a supplemental brief pro se.
Cary Edwards, Attorney General, attorney for respondent (Annmarie Cozzi, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Defendant was convicted as an accomplice of two felony murders, contrary to N.J.S.A. 2C:11-3a(3). By its verdict the jury accepted the State's evidence that two men entered a bar to commit robberies while defendant waited outside behind the wheel of their getaway car. In the course of the robberies the men shot and killed two patrons who happened to be off-duty sheriff's officers out of uniform. We affirmed the convictions in a per curiam opinion filed today, leaving to this opinion a *381 discussion of defendant's argument that "the sentence imposed was manifestly excessive."
The basic issue argued at the sentencing hearing was whether defendant should receive concurrent or consecutive prison terms for the two murders. The trial judge imposed a 30-year prison term without parole for each murder, the statutory minimum sentence for murder. N.J.S.A. 2C:11-3b. However, he ordered that the terms be served consecutively, apparently believing that he had no choice in view of the first guideline in State v. Yarbough, 100 N.J. 627, 643 (1985), cert. den. 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), that "there can be no free crimes in a system for which the punishment shall fit the crime."
We conclude that Yarbough did not require the sentencing judge to impose for this double murder a minimum prison term of 60 years without parole regardless of the circumstances. Where the extraordinarily long term of 30 years without parole is the minimum statutory sentence for each of two crimes, the Yarbough guidelines may be satisfied by having the terms run concurrently in part and consecutively in part.
As noted in Yarbough, although the Code defines standards that must be applied when imposing sentences for particular offenses, the Code "does not define with comparable precision the standards that shall guide sentencing courts in imposing sentences of imprisonment for more than one offense." Id. at 636. Yarbough fills that gap by providing "general sentencing guidelines for concurrent or consecutive-sentencing decisions (including any parole ineligibility feature) when sentence is pronounced on one occasion...." Id. at 644. Nothing in either the Yarbough guidelines or in the Code prohibits imposition of sentences that are partially concurrent and partially consecutive.
These are the Yarbough guidelines:
(1) there can be no free crimes in a system for which the punishment shall fit the crime;

*382 (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
(3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
(a) the crimes and their objectives were predominantly independent of each other;
(b) the crimes involved separate acts of violence or threats of violence;
(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
(d) any of the crimes involved multiple victims;
(e) the convictions for which the sentences are to be imposed are numerous;
(4) there should be no double counting of aggravating factors;
(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; and
(6) there should be an overall outer limit on the cumulation of consecutive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses. [Footnote omitted. Id. at 643-644.]
The trial judge considered only the first guideline, the prohibition against free crimes. To be sure, if the only alternative to imposing fully consecutive sentences were to impose fully concurrent sentences, imposing concurrent sentences here would arguably result in a "free" murder, contrary to the first guideline. In our view Yarbough does not compel making that choice in a case such as this where the trial judge, in order to follow the first guideline, would have to ignore the remaining five.
The sentence imposed, two consecutive 30-year terms of imprisonment without parole, is contrary to guideline 5 ("successive terms for the same offense should not ordinarily be equal to the punishment for the first offense; ...").[1] Having the sentences served partially concurrently and partially consecutively would satisfy guideline 5 to the extent that the second *383 30 years are served concurrently with the first, yet would also satisfy guideline 1 to the extent that the second 30 years are served consecutively to the first.
Also, by not looking beyond guideline 1, the trial judge did not discuss the five "facts relating to the crimes" that are referred to in guideline 3, and which Yarbough directs "should" be considered.[2] Requiring a judge to impose consecutive sentences without considering the facts relating to the crimes in effect renders consecutive sentences mandatory. The purpose of Yarbough, however, is not to remove judicial discretion from the concurrent/consecutive decision, but to offer guidelines, all of which a judge should consider when he exercises that discretion.
We therefore hold that where in order to avoid violating the Yarbough guideline that there be "no free crimes" a judge must impose fully consecutive sentences without regard for mitigating factors that are present in other Yarbough guidelines, the judge may impose sentences that are partially consecutive and partially concurrent.
Having sentences run concurrently in part and consecutively in part is now common in two situations. Whenever a judge, pronouncing sentence on one occasion, imposes two or more concurrent terms of imprisonment of varying lengths, the longest sentence is concurrent to the extent that it coincides with the shorter terms and is consecutive to the extent that it exceeds them. Whenever a judge imposes a prison term to be served concurrently with a prison term being served, the later term is concurrent in part with the earlier term and consecutive to the extent that it continues beyond the prior term. In the *384 first example the concurrent terms begin at the same time, in the latter they begin at different times.
It is a small departure from the familiar to permit a judge in the circumstances here to impose an aggregate sentence, not otherwise available, by beginning one of the two 30-year terms after the other has begun but before it has expired. Because Yarbough and legislative guidelines permit an aggregate sentence of 30 years if the judge orders the terms to run concurrently or 60 years if he orders them to run consecutively, it would not defeat the purpose of Yarbough or the intent of the Legislature to fashion an aggregate sentence between those extremes by ordering the terms to run concurrently in part and consecutively in part.
The Code addresses the imposition of concurrent or consecutive sentences in N.J.S.A. 2C:44-5e, which provides:
e. Calculation of concurrent and consecutive terms of imprisonment.
(1) When terms of imprisonment run concurrently, the shorter terms merge in and are satisfied by discharge of the longest term.
(2) When terms of imprisonment run consecutively, the terms are added to arrive at an aggregate term to be served equal to the sum of all terms.
Were the judge here to impose two 30-year prison terms, the second to be concurrent with the first for a term of 15 years and consecutive to the first for a term of 15 years, the aggregate sentence under the statutory formula would be 45 years.[3] That aggregate is arrived at by merging the concurrent 15-year term of the second sentence with the longer 30-year first term and adding the consecutive 15-year term of the second sentence to the 30-year first term. The statute does not state and does not require that a sentence be fully concurrent or fully consecutive.
There is express authority elsewhere for a judge to impose that kind of split prison term when sentence is pronounced on one occasion for multiple offenses. An appendix to the Yarbough *385 opinion contains excerpts from the ABA Standards for Criminal Justice: Sentencing Alternatives and Procedures (1980), which include the following references to prison terms that are partially concurrent and partially consecutive:
Standard 18-4.5. Multiple offenses: same state; concurrent and consecutive terms
* * * * * * * *
(b) Consecutive sentences should not routinely be imposed. Authority to impose a consecutive sentence should be circumscribed by the following limitations:
* * * * * * * *
(iii) The court should not be authorized to impose a sentence which is consecutive in whole or part to any other sentence until a presentence report ... has been obtained and considered;
(iv) Imposition of a sentence which is consecutive in whole or in part to any other sentence should require the affirmative action of the sentencing court....
[State v. Yarbough, 100 N.J. at 649-650; emphasis added.]
Also, the official commentary to § 5G1.2 ("Sentencing on Multiple Counts of Conviction") of the Federal Sentencing Guidelines states:
This section specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case. The combined length of the sentences ("total punishment") is determined by the adjusted combined offense level. To the extent possible, the total punishment is to be imposed on each count. Sentences on all counts run concurrently, except as required to achieve the total sentence, or as required by law. [U.S. Sentencing Commission, Federal Sentencing Guidelines Manual (West rev. ed. 1988), § 5G1.2 commentary; emphasis added.]
Referring to the emphasized portion of the commentary, a Federal Judicial Center committee that developed model sentencing forms to be used when following the federal guidelines, noted, "Thus, it is apparently contemplated that sentences on some counts will be partly concurrent and partly consecutive." U.S. Sentencing Commission, Federal Sentencing Guidelines Manual (West rev. ed. 1988), § 5G1.2 app. at 523 (Model Sentencing Forms).
The issue arose in Griffith v. State, 675 P.2d 662 (Alaska Ct. App. 1984). The question there was whether a judge sentencing *386 for two crimes, each of which carried a three-year "presumptive" prison term, could impose an aggregate sentence that would be more than the presumptive term of each crime but less than the total presumptive terms for both. The court said the following at 665:
An argument can be made that this statute prevents a judge who imposes any presumptive sentence consecutively from suspending any portion of the sentence or prevents him from imposing the sentence partially consecutively. The state concedes, however, that a judge who has authority to impose a sentence concurrently can also impose that same sentence partially consecutively or can impose that sentence consecutively and suspend a portion of that sentence.
* * * * * * * *
We believe that the state's interpretation of the revised code is well-founded and we accept that interpretation. [Citation omitted.] We believe that since the legislature gave Judge Moody the authority to sentence Griffith to concurrent sentences totalling three years, it is sensible to assume that the legislature also gave him the authority to impose sentences totalling greater than three years and to suspend a portion of the period of imprisonment as long as Griffith has to serve at least a three-year period of imprisonment. [Footnote and citation omitted.]
The issue was also presented in State v. Caillouet, 528 So.2d 1108, 1110 (La. Ct. App. 1988), writ den. 535 So.2d 741 (La. 1989), where the court held:
A trial judge's wide discretion in sentencing a defendant is not abused when part of a sentence is concurrent with another sentence, while the remainder is to run consecutively with the other sentence. [Citation omitted.]
We do not suggest that judges routinely impose split sentences of this kind. Recourse to such sentences is usually unnecessary. Here the need is present in order to resolve an apparent conflict in the Yarbough guidelines caused by the fact that the judge must sentence defendant for two crimes each of which carries an extraordinarily long statutory minimum sentence. Ordinarily, a sentencing judge will be able to fashion a fair aggregate sentence consistent with statutory and judicial guidelines by imposing sentences that are fully concurrent or fully consecutive. See State v. Yarbough, 100 N.J. at 674 ("the court will normally make an overall evaluation of the punishment for the several offenses involved"); State v. Miller, 108 *387 N.J. 112, 122 (1987) ("the focus should be on the fairness of the overall sentence").
The trial judge erroneously identified certain aggravating factors, which had the effect of violating Yarbough guideline 4 (no double counting) and guideline 3 (fairly consider facts relating to the crimes).
The judge emphasized as an aggravating factor the "gravity and seriousness of the irreparable harm to the police officers, their families, their friends." The fact that defendant killed his victim is not an aggravating sentencing factor when he is being sentenced for the murder. See State v. Jarbath, 114 N.J. 394, 404 (1989). The seriousness of the offense was recognized by the Legislature when it established severe penalties for the crime. See State v. Teat, 233 N.J. Super. 368, 370 (App.Div. 1989).
The trial judge also should not have identified as aggravating factors the fact that the two victims were police officers and that one of them was more vulnerable because he walked with a limp. The judge does not refer to any evidence that defendant was aware of these facts. He appears to have attributed to defendant knowledge of facts that were known only to one of his accomplices who, upon entering the bar, recognized one of the sheriff's officers. Although a defendant may be vicariously accountable for the crimes his accomplice commits, he is not vicariously accountable for aggravating factors that are not personal to him.
We remand for resentencing and direct the trial judge to consider all the Yarbough guidelines and comply with guideline 2, which mandates that he separately state the reasons for imposing consecutive or concurrent sentences.
NOTES
[1] Although the trial judge could have complied with guideline 5 by raising the term of one of the sentences to more than 30 years, as a practical matter that sentence, even if raised to the statutory maximum of life imprisonment, would probably not have extended defendant's parole date beyond the minimum 30 years.
[2] The judge considered some facts relating to the murders as aggravating sentencing factors. That exercise served no purpose here, however, because he imposed the minimum sentences for each crime. However, some of the facts that the trial judge found to be aggravating factors could be pertinent to the Yarbough guidelines and will therefore be discussed below.
[3] The example is illustrative only. We express no view as to what the ultimate sentence should be.