BROWN, Judge.
Indicted for second degree murder, defendant, James Bernard Robinson, bargained a guilty plea to manslaughter. The trial judge ordered that defendant serve the maximum term of 21 years at hard labor. Challenging the sentence as excessive, defendant appeals. We affirm.
FACTS
The victim was a 21-year old student at Northeast State University who majored in pre-med and had, according to his parents, a 3.0 grade average. On April 28, 1991, Ouachita Parish Sheriffs deputies were called to the scene of a one vehicle automobile accident and were informed by a state trooper that the driver (victim) was seriously injured from something other than the accident. Several witnesses indicated that another black male had exited the vehicle following the accident carrying something and ran from the scene. The driver/victim had been shot once in the head and died the following day.
After hiding the murder weapon, defendant voluntarily surrendered to local authorities. Defendant readily admitted that he killed the victim who he claimed had fronted him drugs to sell. Defendant described the victim as becoming angry and threatening because he had lost some of the drugs. Defendant further stated that he believed the victim was reaching for a weapon under the seat when he shot in self-defense. Although claiming justification defendant pled guilty to avoid the risk of a conviction for second degree murder pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
The vehicle was searched by Sheriff's deputies at the scene and no weapon was found. A pocket knife and several .22 long rifle shells were recovered from the glove compartment. The victim was an only son and both parents and friends stated that they had never known him to be involved with drugs. Apparently no drugs were found in the search of the vehicle or recovered in the investigation.
Defendant alleges that his sentence was excessive because the trial court did not *469 give adequate weight to the fact that he was a first felony offender, 17 years of age and was threatened at the time of the offense.
DISCUSSION
In sentencing defendant the trial judge meticulously set forth the factors it weighed. Defendant’s age, familial and educational background, and employment history were summarized. Defendant was 18-years old at the time of sentencing, one of six children, single with no dependents, dropped out of school in the seventh grade and had been employed briefly as a manual laborer.
Defendant’s allegations of self-defense were assessed with the judge correctly noting that only defendant’s self-serving statement indicated that the victim was a drug dealer. Law officers working in drug enforcement had never heard of the victim. On the other hand, defendant had recently stolen $380 supplied by Sheriff’s deputies as part of an undercover operation to purchase drugs. The trial judge emphasized that defendant carried a handgun on this occasion and also during a prior incident involving drugs. The judge was deeply concerned that defendant was armed while engaged in illegal drug activities. The judge concluded that defendant took the life of a young man without justification and believed that any lesser sentence would diminish the seriousness of the crime.
Even if a sentence is within the statutory limits it can still be constitutionally excessive. LSA-Const. Art. 1 § 20 (1974); State v. Hogan, 480 So.2d 388 (La.1985). Each sentence must be tailored to the offender and the particular offense. State v. Smith, 433 So.2d 688 (La.1983). To enable an appellate court to carry out its review obligation, the trial judge must articulate its reasons and factual basis for the sentence.
In exercising appellate review, we are cognizant of the trial judge’s unique and advantageous position to observe the defendant, evaluate the circumstances of the crime and its impact on the community. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
A trial judge is not required to order á suspended sentence or probation on a first felony offense. The trial court may consider whatever factors and evidence it deems important to determine what is in the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984).
In the instant case, defendant was facing a penalty of life imprisonment without benefit of parole, probation or suspension of sentence. When allowed to plead guilty to manslaughter defendant received a substantial benefit. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App.2d Cir.1987).
The judge did consider the criteria set forth in LSA-C.Cr.P. Art. 894.1 and after weighing these factors imposed a sentence which we do not consider grossly out of proportion to the offense. Under these circumstances the trial judge did not abuse its wide discretion. Defendant’s sentence is therefore affirmed.
AFFIRMED.