602 So.2d 285 (1992)
STATE of Louisiana, Appellee,
v.
John D. HAYES, Appellant.
No. 23969-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
Lewis A. Jones, Indigent Defender Bd., Ruston, for appellant.
Robert W. Levy, Dist. Atty., John F.K. Belton, Asst. Dist. Atty., Ruston, for appellee.
Before SEXTON, NORRIS and BROWN, JJ.
BROWN, Judge.
Charged by a Bill of Information with 11 counts of simple burglary of an inhabited dwelling (LSA-R.S. 14:62.2), defendant, John Hayes, withdrew his prior plea of not guilty and entered a plea of guilty to two of the counts charged.[1] The state agreed to dismiss the remaining charges in exchange for the plea. The court accepted the plea and later sentenced defendant to serve 12 years at hard labor on each count, *286 with 6 years of the sentence on the second count to run consecutively to the sentence in count one. Thus, defendant's cumulative incarceration on these two sentences was 18 years. Defendant appeals his sentences as excessive. Finding the sentences not excessive, we affirm.

EXCESSIVENESS
In fulfilling our constitutional obligation to evaluate a sentence for excessiveness we must first examine whether the record demonstrates consideration by the trial judge of the criteria set forth in LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Compliance with the factors of Article 894.1 is not seriously disputed by defendant. The goal of that article is not rigid or mechanical recitation of its provisions but rather to set forth the factual basis and reasons for a particular sentence. State v. Lanclos, 419 So.2d 475 (La.1982). Defendant primarily complains that the trial judge gave inadequate weight to the psychiatrist's report. The sentencing colloquy shows that the psychiatrist's report and the PSI were carefully weighed by the trial judge. The record demonstrates that all necessary factors were weighed by the trial judge who adequately outlined his reasons for the sentences.
Next, an appellate court must determine if the sentence is unconstitutionally excessive because it is too severe given the background of the defendant and the circumstances of the case. La.Const. Art. 1 § 20 (1974); State v. Barberousse, 480 So.2d 273 (La.1985).
Defendant contends that the trial court should have imposed a lesser sentence because his psychological evaluations identified him as a kleptomaniac driven to break the law. Although his profile was one of a severely depressed, dysfunctional individual, defendant could distinguish right from wrong.
The trial judge considered defendant's prior adult record which included five pending misdemeanor counts of issuing worthless checks. Also contained in the record is information from the Ruston Police Department that items seized during the search of defendant's apartment resulted in police clearing an astounding 48 burglaries. Additional information from the Monroe Police Department strongly suggests that defendant is the culprit behind a series of unauthorized uses of credit cards stolen from patients at the hospital where defendant worked as a laboratory technician. In selecting a proper sentence a trial judge is not limited to considering only a defendant's prior convictions and may review criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984).
The burglaries in this case occurred between July and September 1989. Defendant pled guilty to two of the burglaries committed on July 9 and September 11. Having occurred two months apart these crimes did not arise out of the same course of conduct. Defendant could have been sentenced to 12 years on each count, consecutively, for a total of 24 years in prison. Defendant faced a maximum exposure of 12 years imprisonment at hard labor for each of the eleven counts charged in the Bill of Information. By agreeing to allow a plea to two counts, the state effectively allowed defendant to cut his exposure to imprisonment from 132 years to 24 years. Defendant received a substantial benefit from this plea bargain. A plea that brings about such substantial benefits is a legitimate consideration in sentencing. State v. Robinson, 599 So.2d 467 (La.App. 2d Cir. 1992).
Considering defendant's prior misdemeanors, his short but ample criminal career, his unimpaired perception of right from wrong and the likelihood that defendant will commit additional crimes in the future, it does not appear that his sentences are excessive.

ERRORS PATENT
We examined the record for error patent and found none; however, because this circuit has not addressed the question of this type of "split" sentence, we considered the propriety of ordering a part of a sentence to be served consecutively. LSA-C.Cr.P. Art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or *287 transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
The type of "split" sentence imposed against defendant has been held to be permissible. In State v. Johnson, 450 So.2d 48 (La.App. 3rd Cir.1984), the Third Circuit found that Art. 883 permitted the trial judge to order that a portion of a sentence be served concurrently and the remainder consecutively. Also, see State v. Logan, 498 So.2d 1197 (La.App. 3rd Cir.1986), writ granted in part only to give credit for time served, 503 So.2d 1013 (La.1987), wherein the Supreme Court affirmed sentences of 5 years each for two counts of distribution of cocaine in which 2 years of the second sentence were to be served consecutive to the first sentence. We find that LSA-C.Cr.P. Art. 883 permits the trial judge to order that a portion of a sentence be served concurrently and the remainder consecutively.
AFFIRMED.
NOTES
[1] The Bill of Information incorrectly cited the statutory provision describing the crime charged as LSA-R.S. 14:62.3. However, that error patent is harmless. The trial judge reviewed the elements of the offense and the penalty with the defendant during the plea colloquy.