604 So.2d 203 (1992)
STATE of Louisiana, Appellee,
v.
Henry STEPHENS, Appellant.
No. 23995-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1992.
*204 Charles A. Smith, Wm. Rick Warren, Indigent Defender Bd., for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Charles E. McConnell, Asst. Dist. Atty., for appellee.
Before VICTORY, BROWN and STEWART, JJ.
BROWN, Judge.
As a result of a plea agreement defendant, Henry Stephens, pled guilty to attempted aggravated rape of his stepdaughter when she was under the age of twelve in violation of LSA-R.S. 14:27 and 14:42(A)(4) and was sentenced to 45 years at hard labor. Stephens now appeals, claiming that his sentence is excessive. We affirm.

FACTS
In June 1991 Stephens was arrested for aggravated rape. Stephens admitted having sex with his stepdaughter in 1988 and at the time of his arrest. He attempted to justify his conduct by denying the use of force and claiming that she did not resist. The victim stated that defendant's sexual abuse started when she was nine years old and continued throughout the next 2½ years until his arrest.

DISCUSSION
In fulfilling our constitutional responsibility to evaluate a sentence for excessiveness we must first examine whether the record demonstrates that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. Articulation of the factual basis for a sentence is the goal of that article, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mims, 550 So.2d 760 (La. App. 2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Defendant does not seriously dispute the trial court's compliance with LSA-C.Cr.P. Art. 894.1 but primarily complains that the sentence was very near the maximum and should be given only to the worst offender. Because defendant had no prior felony convictions, he claims not to be in that category.
Although a first felony offender, defendant had a criminal record which was reviewed by the trial court as follows:
In your prior record, I show that you had an aggravated assault in City Court back in '75 for which you paid a fine. You had a theft in '76 that no disposition could be located. You had a DWI in seventy-seven. Reckless operation of a vehicle in seventy-seven. Disturbing the peace by fighting in seventy-eight. Careless and reckless operation in '78 and the Minden deposition (sic) couldn't be located. Disturbing the peace in '80 because of profanity in public. You were found guilty at trial. Then another disturbing the peace in the city in '81. Then another DWI in '87. An aggravated battery in the Spring of '91 with no known disposition and then this offense right here.
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App. 2d Cir.1989).
*205 The 45-year sentence imposed in this case is only five years below the maximum allowed for attempted aggravated rape, see LSA-R.S. 14:27 and 14:42. As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender, State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
On a charge of aggravated rape Stephens faced a mandatory life sentence without the benefit of parole, probation or suspension of sentence. The victim claimed Stephens had sex with her repeatedly over a 2½ year period. Stephens made a statement, which he confirmed as true at sentencing, that he had had sex with his stepdaughter at least twice over a two-year period. Pleading guilty to attempted aggravated rape significantly benefited Stephens as he avoided a mandatory life sentence without benefit of parole, probation or suspension of sentence. A plea bargain that brings about a substantial benefit is a legitimate consideration in sentencing. State v. Robinson, 599 So.2d 467 (La.App. 2d Cir.1992).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court should not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Hudgins, supra. Considering the crime, the lack of recognition of its severity by this 37 year old defendant, his prior criminal record and the substantial benefits received in the plea agreement, we do not find his sentence to be disproportionate to the severity of the crime or an abuse of the trial court's discretion.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the court did not so inform Stephens. This apparent defect, however, has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. We also note that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Arts. 914 or 922, so in the instant case prescription has not yet commenced to run. Apparently the purpose of the notice provision of the article is to inform the defendant of the prescriptive period in advance; thus the trial court is directed to inform defendant of the provisions of Art. 930.8. The trial court will send appropriate written notice to Stephens within 10 days of the rendition of this opinion and will file written proof that he received the notice in the record of the proceedings.

DECREE
Notice of LSA-C.Cr.P. Art. 930.8 shall be given to defendant in accordance with this opinion. In all other respects, the conviction and sentence are affirmed.