614 So.2d 1323 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Thomas RUPP, Defendant-Appellant.
No. CR 92-923.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Paul Peter Reggie, for the State of La.
Leah White, for Thomas Rupp.
Before GUIDRY, LABORDE and DECUIR, JJ.
LABORDE, Judge.
Defendant Appeals his conviction of child molestation claiming the lower court erred in allowing privileged testimony. Finding *1324 no such privilege exists in the facts of this case, we affirm.

FACTS
During August of 1989, Mrs. Rupp, defendant's wife, contacted Dr. Fred Orr, a licensed professional counselor, to seek counseling for herself, defendant and their children. Mrs. Rupp's motivation to seek counseling was a result of allegations made by one of their daughter's that defendant sexually abused her. After being forced to leave the home, defendant and Mrs. Rupp met with Dr. Orr in an attempt to reconcile their problems. During one of these initial sessions, Mrs. Rupp produced a handwritten document prepared by her and presented it to the defendant and Dr. Orr for their signature. Among other things, this document acknowledged defendant's sexual abuse of the children. It was subsequently signed by the defendant and Dr. Orr. Thereafter, defendant and Mrs. Rupp began counseling sessions wherein defendant again admitted to having sexual contact with two of his daughters. This contact consisted of rubbing against the children in the swimming pool, digital contact leading to sexual contact and allowing the children to have digital contact with defendant's genitals. Dr. Orr testified that defendant admitted sexually abusing his children from the time they were in diapers until he left the house.
Defendant obtained counseling from Dr. Orr for a number of months. He gradually stopped seeing Dr. Orr while becoming uncooperative by failing to keep appointments. Defendant slipped into denial and sought counseling elsewhere. Defendant and Mrs. Rupp divorced and defendant remarried. During this same period of time, defendant allegedly initiated attempts to see his children in violation of the agreement drafted by Mrs. Rupp. It was at this point that Dr. Orr notified the authorities because he felt defendant was "no longer involving himself in a therapeutic setting and taking no steps to address his problems."
On August 7, 1991, defendant was charged by bill of information with two counts of molestation of a juvenile in violation of La.R.S. 14:81.2. He entered pleas of not guilty while waiving his right to trial by jury. On April 13, 1992, he was tried and convicted of two counts of molestation of a juvenile. Defendant was then sentenced to serve four years at hard labor with each count to run concurrently. However, this sentence was suspended and defendant was placed on supervised probation for three years. Defendant appeals alleging one assignment of error.

ERROR PATENT
La.C.Cr.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
La.C.Cr.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the trial court did not so inform the defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final according to La.C.Cr.P. art 914 and 922, so prescription has not commenced to run. The purpose of the notice of La.C.Cr.P. art. 930.8(C) is to inform defendant of the prescriptive period in advance. Therefore, the trial court is directed to send written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. State v. Cox, 604 So.2d 189 (La.App. 2 Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2 Cir. 1992).

*1325 ASSIGNMENT OF ERROR
Defendant asserts the trial court improperly allowed the testimony of the psychologist over his objection in violation of the psychologist-patient privilege. La. R.S. 37:2363(A) states:
§ 2363. Privileged communications
A. In judicial proceedings, whether civil, criminal, or juvenile, legislative and administrative proceedings, and proceedings preliminary and ancillary thereto, a patient or client, or his legal representative, may refuse to disclose or prevent the disclosure of confidential information, including information contained in administrative records, communicated to a psychologist licensed under this Chapter, or persons reasonably believed by the patient or client to be so licensed, or to their employees or other persons under their supervision, for the purpose of diagnosis, evaluation, or treatment of any mental or emotional condition or disorder.
However, this same legislative enactment granting the privilege also prevents the defendant from claiming the privilege in child abuse scenarios. La.R.S. 37:2363 C(1) states:
C. This privilege may not be claimed by or on behalf of the patient or client in the following circumstances:
(1) Where child abuse, elder abuse, or the abuse of disabled or incompetent individuals is known or reasonably suspected.
Furthermore, Dr. Orr is not a licensed psychologist. He is a "licensed professional counselor" and therefore any privileged communications are governed by La.R.S. 37:1114 which states:
§ 1114. Privileged communications
For the purposes of this Chapter, the confidential relations and communications between a licensed professional counselor and client are placed upon the same basis as those provided by statute between an attorney and client. Nothing in this Chapter shall be construed to require that any such privileged communication be disclosed.
The language that pronounces "for the purposes of this chapter ..." and "nothing in this chapter ..." limits applicability of this privilege to the instant chapter. The psychologist-patient privilege is contained in Chapter 28 of the La.R.S. Title 37, while a licensed professional counselors' confidential relations and communications are governed by Chapter 13 of Title 37 of the Louisiana Revised Statutes. This indicates a limitation of a licensed professional counselor's ability to relate confidential communications.
Chapter 13 of Title 37 is a licensing chapter for professional counselors. Section 1114 was created as a tool for the Board of Examiners to use in governing, licensing and revoking the licenses of such counselors. In limiting its application to the immediate chapter, the legislature apparently did not establish a "privilege" that may be claimed in a criminal action. In State v. Bellard, 533 So.2d 961 (La.1988), the Louisiana Supreme Court considered the issue of a waiver of the physician patient privilege under La.R.S. 14:403(F) which provided at the time:
F. Any privilege between husband and wife, or between any professional person and his client, such as physicians, and ministers, with the exception of the attorney and his client, shall not be grounds for excluding evidence at any proceeding regarding the abuse or neglect of the child or the cause thereof.
However, at the time of the present offense and trial, La.R.S. 14:403(F) provided:
F. Suspension of Privileges. In any proceeding concerning the abuse or neglect or sexual abuse of a child or the cause of such condition, evidence may not be excluded on any ground of privilege, except in the case of communications between an attorney and his client or between a priest, rabbi, duly ordained minister or Christian Science practitioner and his communicant, as provided in Subsection B of this Section.
Although the language interpreted by Bellard is somewhat different, the substance of La.R.S. 14:403(F) has not substantially *1326 changed, and therefore, the holding therein is valid and applicable to the instant case.
In Bellard, supra, the defendant was convicted of molestation of a juvenile for forcing his five year old niece to engage in intercourse. The complaint was a result of the niece being diagnosed with gonorrhea. A social worker investigated the family to determine the source of the sexual abuse. The social worker identified the defendant as a suspect whereupon three requests were made to the defendant for his submission to testing for gonorrhea. Although defendant declined, he was eventually voluntarily tested to protect his own physical health. The defendant went to the Calcasieu Parish Health Unit where it was confirmed that he did in fact have gonorrhea. These test results were then introduced at trial despite defendant's claim of physician-patient privilege. In holding that La.R.S. 14:403(F) waives the physician-patient privilege, the Supreme Court stated:
La.R.S. 14:403(F), is a provision contained within the "Miscellaneous Crimes and Offenses" section of our criminal law. It waives "any privilege" at "any proceeding regarding the abuse or neglect of the child or the cause thereof." This criminal proceeding clearly deals with the cause of the abuse of the child victim and, therefore, the waiver of privilege applies.
Bellard, supra, makes it clear that the waiver of any privilege not excepted by La.R.S. 14:403 is absolute when the abuse of a child is suspected. The defendant does not possess a licensed professional counselor-client privilege that goes beyond Chapter 13 of Title 37 of the Louisiana Revised Statutes. Even if such a privilege did exist in favor of defendant, this is abrogated by La.R.S. 14:403(F) as interpreted by Bellard, supra. Thus defendant's assignment of error is without merit.

DECREE
The conviction and sentence of defendant, Thomas Rupp, are affirmed with instructions that the trial court inform the defendant of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and file written proof that the defendant received the notice in the record of the proceedings.
AFFIRMED.